## The Werner Co. v. John McLaughlin.

1. APPELLATE COURT PRACTICE—*Proceedings in Reversed Cases.*— Where a cause is reversed because the evidence fails to sustain the verdict and is remanded for a new trial, and at the second trial, evidence in addition to that had on the first trial is presented, but when on a second review of the case in the Appellate Court, a careful examination of the additional evidence fails to show that the plaintiff has strengthened his case, the cause will be again reversed and remanded.

Assumpsit, on an account. Error to the County Court of Cook County; the Hon. RUSSELL P. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Reversed and remanded. Opinion filed November 1, 1901.

NEWMAN, NORTHRUP & LEVINSON, attorneys for plaintiff in error.

WM. E. HUGHES and JOHN J. COBURN, attorneys for defendant in error.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This cause has been here before, and at that time the judgment in favor of defendant in error was reversed, this court holding that " the finding of the trial court can not

be sustained by the testimony as the same is preserved in this record."

In addition to the evidence in the former trial the defendant in error introduced four letters which were not offered before. It seems to be conceded that these letters constitute all the new evidence introduced at the second trial. The only question we have to consider is whether this additional evidence strengthens the plaintiff's case, so that taken in connection with the other evidence given at the former trial, the whole evidence now sustains the judgment. The attorneys for defendant in error have failed to point out in what respect anything contained in these four letters throws any new light upon the controversy. A careful examination fails to show that the plaintiff has strengthened his case and for the reasons given at the former hearing in this court, the judgment of the County Court must be reversed and there will be a finding of facts.